**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAVELL REDMOND, | ) | |
| Plaintiff, | ) | |
| v | ) | Case No.: 1:23-cv-05360 |
| . | ) | |
| VILLAGE OF DOLTON, et al., | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT TIFFANY HENYARD'S MEMORANDUM IN SUPPORT
OF HER MOTION FOR SUMMARY JUDGMENT**

Defendant Tiffany Henyard ("Defendant Henyard"), in her official capacity, by her undersigned attorneys, hereby submits this memorandum in support of her motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**INTRODUCTION**

Plaintiff Lavell Redmond ("Redmond"), a former Village of Dolton ("Dolton") code enforcement officer, sues the Village of Dolton and "Tiffany A. Henyard, in her official capacity as Mayor of the Village of Dolton." An official-capacity claim is not a claim against the individual officeholder; it is a claim against the governmental entity itself. Because the Dolton is already a defendant, the claim against Henyard in her official capacity is redundant and should be dismissed as duplicative, and summary judgment should enter for Henyard on that basis, independent of the merits arguments raised in the Dolton's Motion for Summary Judgment (Dkt. 91) and Dolton's Memorandum in Support of its Motion for Summary Judgment (Dkt. 92).

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The principal function of summary judgment is to prevent unnecessary trials by screening

1

out factually unsupported claims." *Whitaker v. Dempsey*, 144 F.4th 908, 917 (7th Cir. 2025). [S]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). Summary Judgment is warranted when the nonmovant cannot establish an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

**ARGUMENT**

I. **PLAINTIFF'S CLAIMS AGAINST DEFENDANT HENYARD IN HER OFFICIAL CAPACITY SHOULD BE DISMISSED AS REDUNDANT.**

It is well-established law that a § 1983 claim "against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents." *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999); *accord Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (recognizing that a claim brought against an individual in their official capacity is "in all respects other than name, to be treated as a suit against the [municipal] entity ... for the real party in interest is the entity") (internal citation omitted). Accordingly, when a plaintiff brings a claim against a municipal entity under § 1983, to the extent the plaintiff alleges the same claim against a government official in his or her official capacity, such claim is duplicative and subject to dismissal. See *Moreno-Avalos v. City of Hammond, Ind*., 2017 U.S. Dist. LEXIS 1191, 2017 WL 57850, at *2 (No. 16-cv-172, N.D. Ind., Jan. 4, 2017) ("If a plaintiff brings suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed."); *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993) (dismissing the mayor from suit in his official capacity because the same claims were being made against the city). In this case, all claims made against Defendant Henyard in her official capacity are also made against the Village of Dolton and are therefore redundant. There is no

independent basis to keep Henyard in the case as a separate defendant. For that reason alone, the Court should enter summary judgment for Henyard and dismiss her from this action as a redundant official-capacity defendant.

**II.      DEFENDANT    HENYARD    JOINS    AND    ADOPTS    THE    VILLAGE'S SUMMARY-JUDGMENT ARGUMENTS AND LR 56.1 STATEMENT.**

Separately, and without waiving the foregoing, Henyard joins and adopts the Village's Motion for Summary Judgment (Dkt. 91) and supporting Local Rule 56.1 statement (Dkt. 92). For the reasons stated in those filings, summary judgment should also be entered in Henyard's favor on the merits of Plaintiff's claims.

<u>**CONCLUSION**</u>

For the reasons stated above, the Defendant respectfully requests that the Court grant her Motion for Summary Judgment, dismiss her as a redundant official-capacity defendant, and for any other relief this Court deems appropriate.

Dated: May 29, 2026.

Respectfully submitted,
DEFENDANT TIFFANY
HENYARD IN HER OFFICIAL
CAPACITY

By:  */s/ Michael J. Schalka*
Thomas More Leinenweber
Michael J. Schalka
John Robert Stortz
Leinenweber, Daffada & Sansonetti, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
866-786-3705
mjs@ilesq.com